IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Edmond Jerome Caffey,**<br>Petitioner, | )<br>)<br>) |
| v. | )     1:21cv1040 (RDA/IDD)<br>) |
| **Warden R. Wilson,**<br>Respondent. | )<br>)<br>) |

<u>MEMORANDUM OPINION</u>

Federal inmate Edmond Jerome Caffey ("Caffey" or "Petitioner") filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, arguing that the Bureau of Prisons ("BOP") erred in computing his federal sentence by not crediting him with prior custody credit for the period of July 20, 2007 to May 13, 2008 while he was in temporary federal custody pursuant to a writ of habeas corpus ad prosequendum.[1] On December 20, 2021, respondent filed a motion for summary judgment [Dkt. Nos. 9, 10], with a brief in support and an affidavit. Caffey was advised of his right to respond as required by Local Rule 7(K) and <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). [Dkt. No. 9-1]. Caffey sought an extension of time on January 26, 2022, which the Court granted and his response was due on or before February 28, 2022. [Dkt. No. 15]. The time for a response has passed, but Caffey has not responded to the motion for summary judgment or sought a further extension. The matter is therefore ripe for adjudication. For the reasons stated below, respondent's motion for summary judgment will be granted, and the underlying petition dismissed.

**I. Respondent's Statement of Undisputed Material Facts**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as

---

[1] The petition sets out three overlapping claims. The core component of each claim is that "[t]he sentencing judge stated at my sentencing hearing that I shall receive any and all pretrial jail credits from 7-20-2007." [Dkt. No. 1 at 5].

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Respondent, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56, set forth a statement of material facts he contends are undisputed, which Caffey has not disputed. See Gholson v. Murray, 953 F. Supp. 709, 714 (E.D. Va. 1997) (court assumes uncontroverted facts in movant's motion for summary judgment are admitted); see also JDS Uniphase Corp. v. Jennings, 473 F. Supp. 2d 705, 707 (E.D. Va. 2007) (movant's statement of undisputed facts is deemed admitted where nonmovant's response fails to "identify with any specificity which facts, if any, were disputed") (citing E.D. Va. Loc. Civ. R. 56(B)).[2]

1. On February 28, 2007, Caffey was arrested by state authorities in Hamblen County, Tennessee, for aggravated robbery and evading arrest (state Case No. 07CR272), and a parole violation (state Case Nos. 03CR248 & 03CR324). Caffey remained in custody following his arrest by state authorities. [Dkt. 10-1 at ¶ 5].

2. On June 12, 2007, Caffey was indicted in the United States District Court for the Eastern District of Tennessee, on one count each of interfering with commerce by threat or violence, using and carrying a firearm during and in relation to a crime of violence, and unlawful transporting of firearms. [Id. ¶ 6].[3]

---

[2] The record of admissible evidence includes respondent's affidavit and exhibits [Dkt. Nos. 10-1], and Caffey's sworn petition. [Dkt. No. 1]. See Goodman v. Diggs, 986 F.3d 493, 498-99 (4th Cir. 2021) (verified pleadings are the "equivalent of an affidavit"). Other than uncontested matters such as dates, the only relevant allegation in the petition is that the federal district court judge that presided over his sentencing said Caffey "shall receive any and all pre-trial jail credits from 7-20-2007." [Dkt. No. 1 at 5]. The Court has also reviewed the docket of Caffey's criminal case, United States v. Caffey, No. 2:07CR61 (E.D. Tenn.) ('Caffey I"), and several of the orders in that proceeding are relevant to Caffey's claims. See Goldfarb v. Mayor & City Council of Balt., 791 F.3d 500, 508 (4th Cir. 2015) (explaining that court can take judicial notice of public record); Lyons v. Stovall, 188 F.3d 327, 333 (6th Cir. 1999) (federal courts may take judicial notice of proceedings in other courts of record); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (collecting cases); see, e.g., Lynch v. Leis, 382 F.3d 642, 647 & n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online).

[3] Caffey I, No. 2:07CR61 (E.D. Tenn.), Dkt. No. 3; [Dkt. No. 10-1 at 19, 29, 31].

3. On June 19, 2007, the district court issued a writ for Caffey's initial appearance. [Id. ¶ 7]. On July 20, 2007, the United States Marshals Service ("USMS") took temporary custody of Caffey pursuant to the federal writ and Caffey remained in temporary federal custody during the pendency of his federal criminal case. [Id. ¶ 8].

4. Caffey appeared in federal district court for his initial appearance and arraignment in federal case No. 2:07CR61 (E.D. Tenn.) on July 27, 2007. [Id. ¶ 9].

5. On August 20, 2007, Caffey pled guilty to one count each of interfering with commerce by threat or violence and using and carrying a firearm during and in relation to a crime of violence. [Id. ¶ 10].

6. On December 5, 2007, while still in the temporary custody of the USMS pursuant to the federal writ, the Hamblen County, Tennessee criminal court dismissed the aggravated robbery and evading arrest charges (Case No. 07CR272). [Id. ¶ 11].

7. On April 14, 2008, the federal district court sentenced Caffey to an aggregate term of 210 months in prison for his two convictions. [Id. ¶ 12].

8. On May 13, 2008, Caffey was returned to the custody of Tennessee state authorities. [Id. ¶ 13]. Caffey's federal sentence was lodged as a detainer with the Tennessee state authorities. Id.

9. On July 11, 2008, the Tennessee Parole Board revoked Caffey's parole in Tennessee state Case Nos. 03CR248 and 03CR324 and ordered him to serve the remainder of his previously imposed 11-year sentence. [Id. ¶ 14].

10. On March 31, 2009, Caffey was paroled from his Tennessee state sentence, and released directly into the custody of the USMS for service of his federal sentence. [Id. ¶ 15].

11. Following Caffey's state arrest on February 28, 2007, Caffey was continuously in the primary custody of Tennessee State authorities until his parole from the state sentences on March

31, 2009. At the time his federal sentence was imposed on April 14, 2008, Caffey was still in the primary custody of Tennessee State authorities. Thus, Caffey's federal 210-month sentence began on March 31, 2009, the date on which he came into primary federal custody for service of his federal sentence. [Id. ¶¶ 15, 16].

12. BOP Program Statement 5880.28 and 18 U. S. C. § 3585(a) provides that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." The Tennessee state authorities obtained primary jurisdiction over Caffey at the time of his arrest on February 28, 2007, but Caffrey did not come under primary federal jurisdiction until his release on parole by Tennessee authorities on March 31, 2009. On that date, Caffey was taken into federal custody awaiting transportation to serve his federal sentence. [Id. ¶ 18].

13. BOP Program Statement 5880.20 provides that "[a] Defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences — (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the Commission of the offense for which the sentence was imposed; that has not been credited against other sentence." [Id. ¶ 19].

14. BOP Program Statement 5880.20 also provides that "[t]ime spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for the 'writ' custody is not the federal charge. The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody." [Id. ¶ 20].

4

15. During the period in which Caffey was in the temporary custody of the USMS pursuant to the writ of habeas corpus ad prosequendum (from July 20, 2007, through May 13, 2008), he remained in the primary custody of the state of Tennessee based upon the February 28, 2007 arrest by Tennessee State authorities. At no time prior to March 31, 2009, did the state of Tennessee relinquish primary jurisdiction over Caffey. [Id. ¶ 21].

16. In computing Caffey's federal sentence, the BOP determined that the Tennessee State authorities applied the entire period of February 28, 2007, through March 31, 2009, to his Tennessee State sentences. Thus, the same period of time could not be applied as credit toward his federal term of imprisonment. [Id. ¶ 22].

17. BOP Program Statement 5880.28 and 18 U. S. C. § 3585(b) preclude the application of prior custody credit for time a federal inmate spent serving another sentence, or which has already been credited to another sentence. Tennessee State authorities credited Caffey with the entire period of February 28 2007, through March 31 2009, against his Tennessee parole revocation sentence, which rendered Caffey ineligible to receive prior custody credit for the same period of time towards the satisfaction of his federal term. [Id. ¶ 23].

18. Federal courts have the authority to order a federal term of imprisonment to run consecutive to or concurrent with any other sentence. See 18 U.S.C. § 3584. The BOP reviewed Caffey's case to determine if a *nunc pro tunc* designation was appropriate. In conducting the review, the BOP is obligated to review the issue for a federal inmate in accordance with the holding in Barden v. Keohane, 921 F.2d 476 (3d. Cir. 1990).[4] Caffey's federal sentencing order is silent as

---

[4] Barden held that a federal sentence may commence for a defendant who is already in state custody if the BOP or Attorney General agrees to designate a state facility for service of the federal sentence. 921 F.2d at 480-83. Further, the determination may be made *nunc pro tunc*. Id. at 478 (BOP has an obligation to examine requests and the authority "to decide whether the state prison in which [a federal inmate] served his sentence should be designated as a place of federal confinement *nunc pro tunc*."). See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)

5

to how his federal sentence should run in relation to any sentences imposed in his pending Tennessee State parole violation cases. [Id. ¶ 24]. The BOP sent a letter to Caffey's federal trial judge, but received no response. [Id. ¶ 25].

19. Caffey filed three motions in his federal criminal case seeking that court to order the BOP to apply jail credits to his federal sentence. On November 10, 2021, the federal district court denied his third motion stating the district court had

> *recommend[ed]* to the Bureau of Prisons that you receive credit for all time served in this case since you were received in the custody of the Marshals on July 20, 2007, and I will recommend to the Bureau of Prisons that you be designated either to the facility at Manchester, Kentucky, or at Lexington, Kentucky for the service of this sentence.
>
> [Hr'g Tr. at 2:2-10 (on file with the Court) (emphasis added)]. Therefore, the Court explicitly stated during sentencing that it was *recommending* that Defendant receive credit for pre-trial custody. As the Court explained to Defendant in its June 23, 2008 order [Doc. 30], and again in its March 19, 2010 order [Doc. 42], it is clearly settled that after a defendant is sentenced, the Bureau of Prisons ("BOP"), and not the district judge, has authority to determine when a sentence is deemed to commence, whether defendant should receive credit for time spent in custody before the sentence commenced, whether defendant should be awarded credit for good time, and the place of confinement. *The BOP may consider the recommendation of the sentencing judge, but the judge's views are not controlling.* 18 U.S.C.A. §§ 3585(a) and (b), 3621(b), 3624(b); United States v. Wilson, 503 U.S. 329 (1992); United States v. Pineyro, 112 F.3d 43 (2nd Cir. 1997).

Caffey I, Dkt. No. 75 at 1-2 (emphases added).

20. After an individualized review of Caffey's case, the BOP determined that a *nunc pro tunc* designation was not warranted. [Dkt. 10-1 at ¶ 27].

21. Respondent admits that Caffey has exhausted his available administrative remedies with respect to the claim he raises in his petition. [Id. ¶ 28]

---

("When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence.") (citing Barden, 921 F.2d at 481-82; and 18 U.S.C. § 3621(b)).

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate, i.e., that no genuine issues of material fact are present for resolution. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The facts which a moving party bears the burden of proving are those which are material: materiality is dictated by "the substantive law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Once a moving party has met its burden of proof, the non-moving party must produce specific facts to generate a disputed issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court will view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Porter v. U.S. Alumoweld Co., 125 F.3d 243, 245 (4th Cir. 1997). Nevertheless, "[o]nly disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248.

The non-moving party may not defeat a properly supported summary judgment motion by simply substituting the "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). This applies even where the non-moving party is a pro se prisoner. Campbell-El v. Dist. of Columbia, 874 F. Supp. 403, 406-07 (D.C. 1994); see also Local Civil Rule 7(K)(3) (to defeat a dispositive motion, a pro se party "must identify all facts stated by the moving party with which the pro se party disagrees and must set forth the pro se party's version of the facts by offering affidavits ... or by

filing sworn statements. Unsupported speculation is not enough to withstand a motion for summary judgment. See Ash v. United Parcel Serv., Inc., 800 F.2d 409, 411-12 (4th Cir. 1986). Similarly, "[t]he mere existence of some alleged factual dispute" cannot defeat a motion for summary judgment; the dispute must be both "material" and "genuine," meaning that it "might affect the outcome of the suit under the governing law." Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001) (emphasis omitted).

### III. Analysis

A federal prisoner may challenge the BOP's calculation of the duration of a sentence by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Fontanez v. O'Brien, 807 F.3d 84, 86–87 (4th Cir. 2015). Accordingly, a "request for sentencing credit is properly brought under § 2241." United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004). To obtain habeas relief under § 2241, however, Caffey must demonstrate that he is being detained in federal custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, Caffey contends he should receive credit toward his federal sentence for the period of July 20, 2007 through May 13, 2008, when the state of Tennessee had primary custody of him but he was "on loan" to the federal government for the prosecution of his federal case. [Dkt. No. 1 at 2]. Caffey omits from his petition the fact that the State of Tennessee credited the time period of July 20, 2007 through May 13, 2008 toward his state parole violations. Further, the BOP reviewed Caffey's individual case for a possible *nunc pro tunc* designation of his Tennessee state institution as his place of confinement for his federal sentence and determined that such a designation was not appropriate.

*A. Credit for Time Spent in State Custody*

Whether Caffey received the credit to which he is entitled depends on two determinations: (1) the date upon which his sentence commenced pursuant to 18 U.S.C. § 3585(a); and (2) whether, pursuant to 18 U.S.C. § 3585(b), he is entitled to any credit for time served prior to the date his sentence commenced. The authority to determine when a federal sentence commences is uniquely BOP's, subject to federal judicial review under a "deferential abuse-of-discretion standard." See United States v. Hayes, 535 F.3d 907, 909-10 (8th Cir. 2008). Where, as here, an inmate is subject to sentences imposed by both federal and state courts—different sovereigns—the sovereign that arrested him first acquires and maintains "primary jurisdiction" over him until the sentence imposed by that sovereign has been satisfied. Evans, 159 F.3d at 912; United States v. Smith, 812 F. Supp. 368, 370 n.2 (E.D.N.Y. 1993) (observing the general rules that "the first sovereign to arrest an offender has priority of jurisdiction over him for trial, sentencing, and incarceration" and that "jurisdiction continues until the first sovereign relinquishes its priority by, for example, bail release, dismissal of the state charges, parole release, or expiration of the sentence" (citations omitted)). "Generally, a federal sentence does not commence until a prisoner is delivered to the federal institution designated by the BOP." United States v. Miller, 49 F. Supp. 2d 489, 493 (E.D. Va. 1999).

BOP's conclusion that Caffey's federal sentence commenced on March 31, 2009, the date on which he was received into the primary custody of federal authorities for the purpose of serving his federal sentence [Dkt. No. 10-1 at ¶ 18], "was fully consistent with federal law, which holds that '[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.'" Wheelock v. Wilson, No.

1:13cv400, 2014 U.S. Dist. LEXIS 12358, *10-11 (E.D. Va. Jan. 30, 2014) (citing 18 U.S.C. § 3583(a)). Prior to March 31, 2009, Caffey had been in the primary jurisdiction of Tennessee and his temporary release pursuant to a writ of habeas corpus ad prosequendum did not relinquish primary jurisdiction. See United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (rejecting inmate's argument that a writ of habeas corpus ad prosequendum "effectuates a change in custody whereby the sending jurisdiction loses ... jurisdiction and the receiving jurisdiction gains it") (citations omitted).[5] BOP then determined that Caffey was not entitled to any prior custody credit for the period of July 20, 2007 through May 13, 2008 because Tennessee authorities had credited that time to his state sentence. [Id. at ¶¶ 18-23].[6]

In addition, the awarding of prior custody credit toward a federal term of imprisonment is controlled by 18 U.S.C. § 3585(b), which provides that prior credit is awarded for "any time spent in official detention prior to the date the sentences commences ... *that has not been credited against another sentence.*" (emphasis added). Thus, "[t]he plain language of § 3583(b) makes clear that prior custody credit may not be granted if the prisoner has already received the same credit towards

---

[5] See also United States v. Lemus-Rodriguez, 495 F. App'x 723, 726 (7th Cir. 2012) (holding the inmate was not entitled to credit for the forty-two months he spent in federal custody because he was in "the physical custody of federal authorities pursuant to the ad prosequendum writ."); United States v. Kelly, 661 F.3d 682, 686 (1st Cir. 2011) (recognizing that the sending jurisdiction retains full jurisdiction over the prisoner); Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980); Butler v. Warden, FCC Coleman-Medium, 451 F. App'x 811, 812 (11th Cir. 2011); Wheelock, 2014 U.S. Dist. LEXIS 12358, *12-13.

[6] Evans held that a

> federal sentence does not begin to run ... when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation. See Thomas v. Whalen, 962 F.2d 358, 361 n. 3 (4th Cir. 1992); Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir. 1991) (producing state prisoner under writ of habeas corpus ad prosequendum does not relinquish state custody).

159 F.3d at 912. "This rule derives from the fact that the federal writ of habeas corpus ad prosequendum merely loans the prisoner to federal authorities" and therefore does not "transform[] a state prisoner into a federal prisoner." Id. (citations omitted). Thus, Caffey remained in state custody until he was released from that custody pursuant to the federal detainer on March 31, 2009.

another sentence." Lee v. Wilson, No. 1:15cv139, 2015 U.S. Dist. LEXIS 150605, *11 (E.D. Va. Nov. 5, 2015); see also United States v. Wilson, 503 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive a double credit for his detention time."); see, e.g., Dorsey v. Bogden, 188 F. Supp. 2d 587, 590 (D. Md. 2002) ("Having received credit for that time against his state sentence, Dorsey was no longer eligible under § 3585 to also receive credit against his federal sentence.").

In the instant case, all of the time Caffey spent in primary state custody from July 20, 2007 through May 13, 2008, was applied to his state sentence. [Dkt. No. 10-1 at ¶ 23; and at Attachment 10 at 1] ("[r]eceived all credit for parole and time serve credit from 2-28-07 to 3-31-09 when he released on parole again to his federal detainer"). The application of any portion of that period to his instant 210-month federal sentence would result in "double credit" in violation of the provisions of § 3585(b), and thus Caffey's claims for what amounts to double credit will be denied. See Lee, 2015 U.S. Dist. LEXIS 150605, *11; Wheelock, 2014 U.S. Dist. LEXIS 12358, *12-13.

*B. BOP's Denial of the Nunc Pro Tunc Designation*

Caffey does not appear to allege in his § 2241 petition that the BOP abused its discretion in denying him a *nunc pro tunc* designation. To the extent he has, however, his claim that "BOP denied" him credit for the time he was in pre-trial status and awaiting sentencing in federal court [Dkt. No. 1 at 5], constitutes an allegation of abuse of discretion, the claim has no merit.

As noted, federal inmates generally are not entitled to prior custody credit where detention time has been credited to the service of his state sentence. See 18 U.S.C. § 3585(b). There are, however, in some circumstances, occasions where the BOP may allow an inmate's prior state incarceration to have the practical effect of being credited against his federal sentence if the BOP grants a *nunc pro tunc* designation under 18 U.S.C. § 3621(b), *i.e.*, designating the prior state

11

correctional institution as the facility in which the inmate serves a portion of his federal sentence. See Barden, 921 F.2d at 480; Rabb v. Wilson, No. 1:13cv999, 2015 U.S. Dist. LEXIS 20081, *15 (E.D. Va. Feb. 19, 2015) (noting Barden is the "seminal case governing the BOP's ability to make *nunc pro tunc* designations").

The Fourth Circuit has held that "18 U.S.C. § 3621(b) requires BOP to conduct an independent evaluation of each applicable statutory factor." Trowell v. Beeler, 135 F. App'x 590, 592 (4th Cir. May 19, 2005). Section 3621(b) enumerates the following factors for BOP to consider in making a *nunc pro tunc* designation:

>    (1) the resources of the non-federal facility;
>    (2) the nature and circumstances of the offense;
>    (3) the history and characteristics of the prisoner;
>    (4) any statement by the sentencing court; and
>    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2).

See 18 U.S.C. § 3621(b). While under no obligation to grant a *nunc pro tunc* designation, the BOP is to consider the language of the federal and state judgments, the state sentence data record to include jail credit, and "any other pertinent information relating to the federal and state sentences." BOP Program Statement 5160.05(9)(b)(4)(b) [Dkt. No. 10-1 at Attachment 14). The BOP is afforded wide latitude in exercising its delegated authority under § 3621(b). Trowell, 135 F. App'x at 593 (federal court's review the "BOP's decision to grant or deny a prisoner's *nunc pro tunc* designation request for abuse of discretion) (citing Evans, 159 F.3d at 911-12; Barden, 921 F.2d at 483; Lee, 2015 U.S. Dist. LEXIS 150605, *17 ("BOP has wide discretion in making nunc pro tunc designations").

>    While it is within BOP's discretion to designate a state facility where an inmate previously served a state sentence as the place of his federal incarceration *nunc pro tunc*, there is no requirement that it must grant such a request. Id. at 483. Federal

> habeas review of BOP's decision in such an instance is highly deferential, Taylor v. Sawyer, 284 F.3d 1143, 1149 (9th Cir. 2002), and once BOP has considered the request, judicial consideration is limited to whether an abuse of discretion occurred. Barden, 921 F.2d at 478.

Wheelock, 2014 U.S. Dist. LEXIS 12358, *15-16. "So long as BOP undertakes an individualized review of an inmate's case and makes a decision to deny a request for designation *nunc pro tunc* after analyzing the five relevant factors prescribed by § 3621, habeas corpus relief from its determination is unavailable." Id.

In this case, the BOP reviewed the individual facts of Caffey's case and determined that *nunc pro tunc* designation was not appropriate under § 3621(b). At the time of the *nunc pro tunc* determination in 2014, Caffey was in BOP custody and incarcerated at FCI McDowell, a medium-security facility. [Dkt. 10-1 at Attachment 16, at 1]. Caffey was serving a federal sentence after pleading guilty to interference with commerce by robbery and using and carrying a firearm during and in relation to a crime of violence. [Id.] While the Tennessee authorities had dismissed state charges for an armed bank robbery and evading arrest, Caffey was found to have violated his parole from previous state sentences. Thus, BOP determined that the federal and state charges were not related. Id. Excluding the robbery and federal firearm charges and the state parole violation, Caffey had been convicted of several offenses, including several drug-related offenses, contributing to the delinquency of a minor, misdemeanor theft, vandalism, resisting arrest, aggravated assault on an officer, and felony evading arrest, among others. [Id.]. While in BOP custody, Caffey had twice been disciplined for possessing gambling paraphernalia.[7] [Id.]. The record reflects that the BOP solicited the views of the federal sentencing court as to whether his federal sentence should run consecutively or concurrently to Caffey's state parole violations, but

---

[7] Caffey did not have any disciplinary violations while in state custody. [Dkt. 10-1 at Attachment 10 at 2].

its inquiry went unanswered. [Id.]. There was no evidence as to whether the state parole board intended to have the state sentence run consecutively to the federal sentence. Finally, 18 U.S.C. § 924(c) establishes a mandatory minimum sentence for use of a firearm during a crime of violence that cannot run concurrently with any other term of imprisonment. See 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(D); see also U.S. Sentencing Guidelines Manual § 2K2.4 at 252, cmt. n.2 (2013) ("USSG") (noting statutory minimum term of imprisonment and requirement that a term run consecutively); USSG § 2K2.4 at 249, cmt. n.2 (2007) (same).[8]

In addition to the statutory factors, the BOP also considered criteria established in Program Statement 5160.05, which includes an inmate's discipline history and institutional adjustment; recommendations of the Wardens at the state and federal institutions; the recommendation of the prosecuting Assistant U.S. Attorney; intent of the federal sentencing court, if available; and any other pertinent information regarding the inmate.[9] The BOP "requested guidance" from the sentencing court, and consistent with Program Statement 5160.05, after no response from the sentencing court completed its review under § 621(b). [Dkt. No. 10-1 at ¶¶ 25- 26]. Moreover, the federal sentencing court, at the time of sentencing on April 14, 2008, could not direct that the federal sentence it imposed be run concurrently with the as-yet-to-be-determined state sentence because the Tennessee parole board did not revoke his parole in the two state cases (03CR248 and

---

[8] The U.S. Sentencing Guideline Manual takes effect each year on November 1. The 2007 sentencing manual was in effect when Caffey was sentenced on April 14, 2008, and the 2013 sentencing manual was in effect when BOP made its *nunc pro tunc* determination on September 29, 2014. Archived versions of the prior Sentencing Guideline Manuals can be found at the U.S. Sentencing Commission's web site. See https://www.ussc.gov (click on Guidelines, Archive) (last viewed Apr. 8, 2022).

[9] See https://www.bop.gov/ (click on Resources, Policy and Forms, and search "Sentence") (last viewed Apr. 8, 2022) (Program Statement 5160.05 "provide[s] instructions for the designation of a state institution for concurrent service of a federal sentence").

14

03CR324) and order him to serve the remainder of his previously imposed 11-year sentence until July 11, 2008, approximately three months after he was sentenced in the federal district court.[10]

The BOP also found no evidence that the state parole board intended that Caffey's state sentence run concurrently with his federal sentence. To the contrary, if the state parole board had intended to run his state time concurrent with his federal time, the parole board could have released him on July 11, 2008 after it revoked his parole. See Trowell, 135 F. App'x at 594 (had the state "wished to give effect to its court's concurrency order, the state could have ... attempted to relinquish or waive primary jurisdiction after [the defendant] was sentenced in state court" or "[i]n other words," the state "could have sought to deliver him into federal custody for the purpose of beginning his federal sentence"); see, e.g., Sanders v. Fed. Bureau of Prisons, No. 7:09cv26, 2009 U.S. Dist. LEXIS 55789, * 17 (W.D. Va. June 30, 2009 ("State prison authorities could have effectuated the concurrent nature of Sanders' state sentence by relinquishing him to federal authorities earlier for service of his federal sentence and designating the federal prison facility as the place where he would serve the remainder of his state sentence."), aff'd sub nom. Sanders v. O'Brien, 333 F. App'x 791 (4th Cir. 2009). Tennessee did not do so, and instead kept Caffey in state custody until March 31, 2009.

---

[10] Prior to Setser v. United States, 566 U.S. 231, 236 (2012), a federal district court did not have the power to direct that its sentence run concurrently with an anticipated, but not yet imposed, state sentence. See Mangum v. Hallembaek, 824 F.3d 98, 102 (4th Cir. 2016) (Setser held "that, under § 3584(a), a district court 'has authority to order that the federal sentence be consecutive to an anticipated state sentence that has not yet been imposed'"); see also United States v. Obey, 790 F.3d 545, 549 (4th Cir. 2015) ("Setser holds that a district court may run its sentence consecutive to an anticipated state sentence.").

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss [Dkt. No. 9] is granted, and this petition must be dismissed with prejudice. An appropriate Order and judgment shall issue.[11]

Entered this ____8____ day of __April_____ 2022.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[11] Since the claims set forth in the petition have no merit, Caffey's motion for appointment of counsel will also be denied as moot. [Dkt. No. 6].